**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. ROBERT GERBER, | ) |
| on behalf of plaintiff and | ) |
| the class members defined herein, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PATIENTPERX, LLC; BRANDPERX, LLC; | ) |
| ABACUS HEALTH PRODUCTS, INC; | ) |
| AIDANCE SKINCARE AND | ) |
| TOPICAL SOLUTIONS, LLC; | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.     Plaintiff Dr. Robert Gerber brings this action to secure redress for the actions of

Defendants Patientperx, LLC; Brandperx, LLC; Abacus Health Products, Inc., and  Aidance

Skincare and Topical Solutions, LLC in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines (Exhibit A)  in violation of the Telephone

Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815

ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

1

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.      Plaintiff Dr. Robert Gerber is an individual with offices at 800 Austin Street, West Tower, Suite 508, Evanston, Illinois 60202, where he maintains telephone facsimile equipment.

4.      Defendant Patientperx, LLC is an Ohio limited liability company with a principal place of  business at 100 E. Broad Street, Columbus, OH 43215.  Its registered agent and office is E&S Registered Agent, LLC, 100 E. Broad Street, Columbus, OH 43215.

5.      Defendant Brandperx, LLC,  is an Ohio limited liability company with a principal place of  business at 8923 Grate Park Square, New Albany, OH 43054.  Its registered agent and office is OSAC, Inc., 100 S. Third Street, Columbus, OH 43215.  Patientperx, LLC is a wholly owned subsidiary of Brandperx, LLC.

6.      Defendant Abacus Health Products, Inc.,  is a Delaware corporation with a principal place of business at 25 John A. Cummings Way, Woonsocket, RI 02895.  Its registered agent and office is  David Goldsmith, 583 Cooper Road, Harmony,  RI  02829.  It does business as CBD Clinic.  Its president is Perry Antelman.

7.      Defendant  Aidance Skincare and Topical Solutions, LLC is a Delaware limited liability company with principal offices at 184 Burnside Avenue, Woonsocket,  RI  02895.   Its registered agent is John Gowell,   One Citizens Plaza, Suite 1100, Providence,  RI  02903.  Its manager is Perry Antelman.  It does business as Aidance Scientific.

2

8. According to the Abacus Health Products, Inc., web site, the CBD CLINIC products offered in the fax are brought to the public in partnership with Aidance. (Exhibit B)

9. Abacus Health Products was launched in 2014 as a subsidiary of Aidance.

10. Aidance is a manufacturer of a unique, broad-spectrum antimicrobial technology for dermatological products.

11. John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

13. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted business in Illinois.

14. Venue in this District is proper for the same reason.

## FACTS

15. On September 5, 2019, Dr. Robert Gerber, received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

16. Exhibit A was sent by Defendants PatientPerx, LLC and BrandPerx, LLC.

17. Exhibit A invites the recipient to purchase the products of Abacus Health Products, Inc., d/b/a CBD Clinic.

3

18.     On information and belief, based on the Abacus Health Products, Inc., web site, the CBD CLINIC products offered in the fax are manufactured or sold in partnership with Aidance.  (Exhibit B) The web site states that "CBD CLINIC was introduced in 2016 by Abacus™ Health Products, Inc to provide an entirely new class of non-prescription topical medications. Our pain-relieving ointments, creams and massage oils were developed and are produced in an OTC-compliant, cGMP audited manufacturing facility dedicated to the highest levels of quality and customer support."  (Exhibit B) On information and belief, the facility is that of Aidance. (See Exhibit C)

19.     Discovery may reveal the transmission of additional faxes as well.

20.     Defendants Patientperx, LLC and Brandperx, LLC, are responsible for sending or causing the sending of the fax.

21.     Defendants  Abacus Health Products, Inc., and  Aidance Skincare and Topical Solutions, LLC  are engaged in the business of manufacturing and marketing  healthcare products to doctors and others.

22.     Defendants  Abacus Health Products, Inc., and  Aidance Skincare and Topical Solutions, LLC thus derived economic benefit from the sending of the faxes.

23.     All Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

24.     Plaintiff had no prior relationship with Defendants and had not authorized the sending of fax advertisements to plaintiff.

25.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

26.     On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

27.     There is no reasonable means for plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## <u>COUNT I – TCPA</u>

28.     Plaintiff incorporates ¶¶ 1-27.

29.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

30.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

31.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

32.     Plaintiff and each class member is entitled to statutory damages.

33.     Defendants violated the TCPA even if their actions were only negligent.

34.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

35.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and subclass. The class consists of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c)were sent faxes by or on behalf of Patientperx, LLC and/or Brandperx, LLC promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax. The subclass consists of persons sent faxes advertising products of Abacus Health Products, Inc.

36.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

37.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.     The manner in which Defendants compiled or obtained its list of fax numbers; and

6

c.     Whether Defendants thereby violated the TCPA.

38.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

39.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

40.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

41.    Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802

(N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902

(N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-

cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D.

642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451,

455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d

510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic*

*Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core*

*Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v.*

*Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns,*

*Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No.

4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

  42. Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against Defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax

      advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

43.    Plaintiff incorporates ¶¶ 1-27.

44.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

45.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

46.    Defendants engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

47.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

48.    Defendants engaged in such conduct in the course of trade and commerce.

49.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

50.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, Defendants' conduct was contrary to public

policy, as established by the TCPA and Illinois statutory and common law.

51.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and subclass.  The class consists of (a) all persons with fax numbers (b) who, on or after a date 3 years prior to the filing of this action (815 ILCS 505/10a), (c)were sent faxes by or on behalf of Patientperx, LLC and/or Brandperx, LLC promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax. The subclass consists of persons sent faxes advertising products of Abacus Health Products, Inc.

53.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

        b.      Whether Defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

55.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

56.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

57.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

58.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendants for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

59.     Plaintiff incorporates ¶¶ 1-27.

60.     By sending plaintiff and the class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

61.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and

ink or toner used to print the faxes.

62.     By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

63.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

64.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

65.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

66.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and subclass.  The class consists of (a) all persons with fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c)were sent faxes by or on behalf of Patientperx, LLC and/or Brandperx, LLC promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax. The subclass consists of persons sent faxes advertising products of Abacus Health Products, Inc.

67.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

68.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

    b.     Whether Defendants thereby converted the property of plaintiff.

69.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

70.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

71.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

72.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendants for:

    a.     Appropriate damages;

    b.     An injunction against the further transmission of unsolicited fax advertising;

    c.     Costs of suit;

    d.     Such other or further relief as the Court deems just and proper.

13

## COUNT IV – TRESPASS TO CHATTELS

73.    Plaintiff incorporates ¶¶ 1-27.

74.    Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

75.    Defendants' sending plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

76.    Defendants acted either intentionally or negligently in engaging in such conduct.

77.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

78.    Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

79.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and subclass.  The class consists of (a) all persons with fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c)were sent faxes by or on behalf of Patientperx, LLC and/or Brandperx, LLC promoting goods or services, (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax. The subclass consists of persons sent faxes advertising products of Abacus Health Products, Inc.

80.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

14

81.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

      b.    Whether Defendants thereby committed a trespass to chattels.

82.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

83.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

84.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

85.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendants for:

      a.    Appropriate damages;

      b.    An injunction against the further transmission of unsolicited fax

15

advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

17

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

/s/Daniel A. Edelman
Daniel A. Edelman

**EXHIBIT A**

09-05-2019 10:12          877-244-0039          02264          1/1



**Patient privacy. Patient savings. It's in the bag!**

Hello, you recently received a Patientperx Learnable Kit featuring CBD Clinic Topical Pain Relief.

## For more information and to order CBD Clinic, head to
# www.cbdclinic.co

Register now and get FREE shipping on your first order text CBDFIRST to 31996



## If you're interested in carrying CBD Clinic at your office,
### please fill out the information below:

Full Name:_____ Title:_____

Practice Name:_____ Phone:_____

Address:_____ Suite/Dpt:_____

City:_____ ST:_____ Zip:_____ Fax:_____

Provider Name, Title, and Specialty: *(if more than 4, please complete on separate sheet and fax along with this form)*

_____     _____

_____     _____

## FAX BACK TO 877-244-9939 OR EMAIL YOUR REQUEST TO SERVICE@PATIENTPERX.COM

Patientperx, LLC would like to thank you for your continuing participation in the Patientperx provider's network. As you know, the Patientperx provider's network entities participants who have enrolled in the network (like you) to elect to participate in exciting promotional events sponsored by our affiliates. Patientperx, LLC updates participants from time to time by fax or e-mail concerning sponsored promotional activities. This communication confirms your continuing enrollment as a Patientperx network healthcare provider. Please note that our terms and conditions for participation in the Patientperx provider's network are updated from time to time. Our most recent terms and conditions can be found here: www.patientperx.com/terms.

By submitting this form you are simply agreeing that Patientperx is providing a valuable service to your practice and that in return for providing you with free patient sample/privacy bags on an ongoing basis you agree not to accept bags (or bags of a similar nature) from any other advertiser, distributor or marketing company. In exchange for receiving these free patient sample/privacy bags, you transmit faxes to the requesting party at the telephone facsimile number(s) identified in the request. Our failure to comply with a proper request within 30 days is unlawful. are selecting Patientperx to be your sole continuing provider of sample bags until Patientperx ends this program

This facsimile has been sent by BrandPerx, LLC to those with an interest in the services and/or products provided by BrandPerx, LLC. However, if you no longer wish to receive facsimiles containing advertisements from BrandPerx, LLC, you may request that we no longer send such facsimiles to your telephone facsimile machine(s). In order for your request to be valid, (i) your request must clearly identify the facsimile number(s) to which the request relates; (ii) your request must be communicated to us by calling [877-244-9911], by sending a facsimile of the request to [877-244-9939], or by emailing the request to [service@patientperx.com] or visiting our website at [www.patientperx.com]; and (iii) the requesting party must not have subsequently provided express permission, in writing or otherwise, to us to transmit faxes to the requesting party at the telephone facsimile number(s) identified in the request. Our failure to comply with a proper request within 30 days is unlawful.

**<u>EXHIBIT B</u>**

  0



# CBD CLINIC™
## Revolutionary Pain Relief

# REVOLUTIONARY PAIN RELIEF FOR YOUR PATIENTS

Case: 1:19-cv-05990 Document #: 1 Filed: 09/06/19 Page 23 of 32 PageID #:23

📞 888-422-3254



≡    0

**Our Health Care Practitioners Series products are available only through licensed health professionals. Take advantage of our wholesale pricing and learn how to make CBD CLINIC™ available to your patients and clients.**

REGISTER FOR AN ACCOUNT

Learn More About The Science

# * 9/10 Health Care Practitioners who use CBD CLINIC™ prefer it to treat their own pain.

*Data is based on a third party survey with 253 respondents. Health Care Practitioners are 96% composed of Chiropractors, Massage Therapists, Acupuncturists and Physical Therapists.

# Doctors, professional athletes and other patients have reported truly amazing results.

Privacy - Terms

CBD CLINIC Topical Analgesics for Pain Relief

📞 888-422-3254



≡    0

"It's nothing like I've ever used before. My patients are begging for it."

– DR. JOSH BEAUDRY, DC

# About CBD CLINIC

CBD CLINIC products are brought to you in partnership with Aidance Scientific, an OTC-registered manufacturer of topical, dermatological solutions. Aidance Scientific has developed, manufactured, and distributed all-natural, over-the-counter medications since 2004, serving customers in over 150 countries worldwide. Aidance products are available in CVS and Walgreens, other retailers across the United States, as well as Amazon.

## HELP

REGISTER

MY ACCOUNT

SHIPPING & RETURNS

CONTACT US

## INFORMATION

FAQ'S

BATCH RESULTS

Privacy - Terms

📞 888-422-3254



0

ABOUT US
PRIVACY POLICY
TERMS OF SERVICE

## NEWSLETTER

SUBSCRIBE NOW

© Copyright 2019 Abacus Health Products Inc. ABACUS™, CBD CLINIC™, the leaf logo, Revolutionary
Pain Relief™ & PRO SPORT™ are trademarks of Abacus Health Products, Inc.

Privacy - Terms



📞 888-422-3254

☰   0

# ABOUT CBD CLINIC

CBD CLINIC was introduced in 2016 by Abacus™ Health Products, Inc to provide an entirely new class of non-prescription topical medications. Our pain-relieving ointments, creams and massage oils were developed and are produced in an OTC-compliant, cGMP audited manufacturing facility dedicated to the highest levels of quality and customer support.

## Our Values

Scientific integrity and ingenuity

Pioneering-trailblazing spirit

Gold standard expertise in formulation development with natural ingredients

Honesty and transparency

Treating people with compassion and sensitivity

Delivering on our promises



Privacy - Terms



# HELP

REGISTER

MY ACCOUNT

SHIPPING & RETURNS

CONTACT US

# INFORMATION

FAQ'S

Privacy - Terms

Case: 1:19-cv-05990 Document #: 1 Filed: 09/06/19 Page 28 of 32 PageID #:28

BATCH RESULTS

BLOG

INVESTORS

## ABOUT

ABOUT US

PRIVACY POLICY

TERMS OF SERVICE

## NEWSLETTER

SUBSCRIBE NOW

© Copyright 2019 Abacus Health Products Inc. ABACUS™, CBD CLINIC™, the leaf logo, Revolutionary Pain Relief™ & PRO SPORT™ are trademarks of Abacus Health Products, Inc.

Privacy - Terms

**EXHIBIT C**



**Call Us:** 833-4-TERRASIL (401-432-7750) (tel:401-432-7750)

Español | Log In (http://store.aidanceproducts.com/MyAccount_Orders.aspx) | My Account (http://store.aidanceproducts.com/MyAccount_Orders.aspx)

Our Products (/products/)  Shop by Condition (/conditions/)  About Us (/about-us/)  Specials (/specials/)

Doctor Recommended (/about-us/physician-recommendations/)

 (https://www.shopperapproved.com/reviews/aidanceproducts.com/)

## About Us (/About-Us/)

Contact Us (/about-us/contact-us/)

Activated Minerals® Technology (/about-us/activated-minerals-technology/)

Ingredients (/about-us/ingredients/)

Science (/about-us/science/)

Our Company (/about-us/our-company/)

Customer Testimonials (/about-us/customer-testimonials/)

Made in the USA (/about-us/made-in-the-usa/)

FDA Compliancy (/about-us/fda-approved-active-ingredients/)

FAQ (/about-us/faqs/)

News (/about-us/news/)

Physician Recommendations (/about-us/physician-recommendations/)

Affiliate Program (/about-us/affiliate-program/)

# FDA OTCs & Homeopathic Products

**FDA-Compliant OTC Active Ingredients**
Aidance's over-the-counter (OTC) drug products contain clinically proven, FDA compliant active ingredients (monographs), and are registered with the FDA. Each active ingredient offers targeted relief or treatment for a given skin application.

**Homeopathic Products**
Aidance's homeopathic products (like our homeopathic wart ointment) are registered with the FDA. This includes all ingredients, uses, directions and precautions.
To be clear however, the FDA's position on all homeopathic products is: "This homeopathic product has not been evaluated by the Food and Drug Administration for safety or efficacy. FDA is not aware of scientific evidence to support homeopathy as effective."

**GMP Manufacturing & FDA Compliance**
Aidance follows strict GMP (Good Manufacturing Practice) rules. This is a requirement to become a Registered Drug Establishment for the FDA. A Good Manufacturing Practice compliant facility is one in which all processes are clearly defined and controlled so as to ensure product quality and consistency. If any product complaints arise, we promptly investigate all potential causes for a defect and take appropriate measures to prevent reoccurrence. Aidance formulates, tests, manufactures, packages and ships all products from our headquarters in Rhode Island. We are proud to say that we're 100% "Made in the U.S.A." and can support the national economy.

## Contact Information (/contact)

**Calls within the US:**
01-432-7750

**Email:**
support@AidanceProducts.com (mailto:support@aidanceproducts.com)

**Press Contact**
401-347-2771

**1.4K**
SHARES

Aidance Skincare
P.O. Box 2182
Woonsocket, Rhode Island 02895 USA

## AS FEATURED IN

  

(https://www.ibtimes.com/ (https://www.yogiapproved.com/ (https://livingbetter50.com/you- (https://gearpatrol.com/2015/0
GUID=24436741) reviews/blissmo-box-review-video/) may-be-at-risk-for-shingles/) to-dress-your-own-wounds

"Thank you for a life changing, amazing, all natural product!!" -
**Pamela**

### Dr. Recommendations



(/about-us/physician-recommendations/)

### Buy More, Get More!



(/specials/)

### FREE Shipping!



(/specials/)

## Looking for answers?

### Aidance has you covered, from A-Z!

Visit our Skin Health FAQs section for more information on skin conditions, exclusive guides, and more. **More Info (/resources)**

    

(https://secure.trust-
(https://www.shopperapproved.com/reviews/Aidanceproducts.com/) guard.com/certified/8564(https://www.bbb.org/
reviews/skin-
care-/aidance-
skincare-topical-
solutions-llc-in-
woonsocket-ri-
108184/#bbbonlineclic

| Products | Customer Service | About | Newsletter Signup |
|---|---|---|---|
| | Contact Info (/contact-us/) | | |

1.4K
SHARES

Terrasil Anti-Fungal Treatment (/terrasil-max-anti-fungal-treatment)

Terrasil Balanitis Relief (/terrasil-balanitis-relief)

Terrasil Eczema & Psoriasis 2-Tube System (/terrasil-eczema-psoriasis)

Foot and Nail Anti-Fungal (/terrasil-foot-and-nail)

Terrasil Itch, Rash & Pain Relief (/terrasil-itch-rash-pain-relief-ointment)

Terrasil Jock Itch Treatment (/terrasil-jock-itch-treatment)

Terrasil Psoriasis Therapy (/terrasil-psoriasis-therapy)

Terrasil Skin Repair (/terrasil-skin-repair-ointment)

terrasil FLEX Pain Relief **New!** (/terrasil-flex-cream)

Terrasil Ringworm Treatment (/terrasil-ringworm-treatment)

Terrasil Tinea Treatment (/terrasil-tinea-treatment)

Terrasil Wound Care (/terrasil-wound-care-ointment)

Femmesil (/femmesil-cream)

Anti-Fungal Soap (/anti-fungal-soap)

Calendula Soap (/terrasil-calendula-soap)

Vaginal Cleansing Soap (/vaginal-soap)

Terrasil Hospital-Grade Bandaging (/medical-grade-bandaging)

Terrasil Wart Removal Protective Pads (/wart-pads)

Terrasil Toe & Nail Protective Pads (/toe-and-nail-pads)

FAQs (/about-us/faqs/product-qa/)

Shipping and Handling (/about-us/faqs/shipping-handling/)

Money-Back Guarantee (/about-us/faqs/product-guarantee/)

Policies (/about-us/faqs/policies/)

Privacy Policy (/about-us/faqs/policies/)

## About **terrasil®**

**What is terrasil** used for? (/about-us/faqs/product-qa/)

**What is the active ingredient in terrasil?** (/about-us/activated-minerals-technology/)

**How do you use terrasil?** (/about-us/faqs/applying-aidance-products/)

**terrasil** ingredients (/about-us/ingredients/)

**terrasil** reviews (https://www.shopperapproved.com/reviews/Aidanceproducts.com/)

Ingredients (/about-us/ingredients/)

Science (/about-us/science/)

Our Company (/about-us/our-company/)

Customer Testimonials (/about-us/customer-testimonials/)

Press Releases (/about-us/press-releases/)

Made in the USA (/about-us/made-in-the-usa/)

FDA Approval (/about-us/fda-approved-active-ingredients/)

FAQ (/about-us/faqs/)

News (/about-us/news/)

Physician Recommendations (/about-us/physician-recommendations/)

Sitemap (/sitemap/)

Affiliate Program (/about-us/affiliate-program/)

Subscribe for exclusive offers and skincare tips!

email address

Subscribe

## Get Social With Us


(https://www.twitter.com/aidanceski


(https://www.facebook.com/aidanc


(https://pinterest.com/aidanceskin


(https://www.youtube.com/user/Ai

Español

© 2004-2019 Aidance Skincare & Topical Solutions LLC.

Aidance®, Terrasil®, and Activated Minerals® are a registered trademarks of Aidance Skincare. Femmesil™ and ThatZit!™ are trademarks of Aidance Skincare. Aidance Skincare products are protected by numerous US and international patents granted and pending. All rights reserved. Images are copyright Aidance Skincare.

The contents of AidanceProducts.com, such as text, graphics, images and other material contained on the Aidance Site ("Content") are for informational purposes only. The Content is not intended to be a substitute for professional medical advice or diagnosis. Always seek the advice of your physician or other qualified health provider with any questions you may have regarding a medical condition. Please do not disregard professional medical advice or delay seeking it because of information you have read or AidanceProducts.com.

**1.4K**
SHARES